Geoffrey C. Angel
ANGEL LAW FIRM
803 West Babcock
Bozeman, Montana 59715
Telephone (406) 922-2210
Facsimile (406) 922-2211
christianangel@hotmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| MARK GRAHAM, | ) | Cause Number CV-23- |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | COMPLAINT FOR DECLARATORY RELIEF |
| FARMERS INSURANCE EXCHANGE and MID-CENTURY INSURANCE COMPANY, | ) | |
| Defendants. | ) | |

**COMES NOW** plaintiff Mark Graham, through his counsel of record Geoffrey C. Angel, and for his claims for relief alleges as follows:

### NATURE OF ACTION

1. This action is brought by Mark Graham against Farmers Insurance Exchange and Mid-Century Insurance Company for a Declaratory Judgment pursuant to Montana's Uniform Declaratory Judgment Act, §§ 27-8-101, et. seq.

2. Farmers Insurance Exchange, at all relevant times herein, was and remains domiciled, is a citizen and has its principle place of business in Delaware.

3. Mid-Century Insurance Company, at all relevant times herein, was and remains domiciled, is a citizen and has its principle place of business in California.

4. Mark Graham, at all relevant times herein, was and remains a resident and domicile of Ravalli County, Montana.

5. On April 2, 2023 at 9:43 a.m. Mark Graham and Janice Graham were traveling to Sunday church service when they were struck in a head-on collision.

6. Michael Howell was driving his 2000 Toyota 4Runner and traveling South along United States Highway 93 near mile marker 42 when he lost control and crashed head-on into the Graham's vehicle.

7. Michael Howell was under the influence of drugs, i.e. marijuana, at the time of the accident. He was driving too fast for the conditions and overcorrected when he lost control of his vehicle.

8. As a result of Mr. Howell's actions, Mark Graham suffered catastrophic injuries. Janice Graham, his wife of 47 years, was killed.

9. Mark Graham and Janice Graham were insured by Farmers Insurance underwritten by Mid-Century Insurance Company.

10. The Graham's vehicle, a 2019 Honda Ridgeline was a total loss. It was covered for collision and comprehensive with Farmers Insurance.

11.    Mark Graham made a claim for property damage with Farmers Insurance who assigns claims handling to Farmers Insurance Exchange.

12.    Farmers Insurance assigned an adjuster, opened a claim and prepared an evaluation based on its criteria for the actual cash value of the Graham vehicle.

13.    Unbeknownst to Mr. Graham, Farmers Insurance then tendered a check for its valuation of the loss minus his deductible without consulting Mr. Graham or determining if he agreed with its valuation.

14.    Mr. Graham did not agree with the valuation and did not cash the check.

15.    The check tendered by Farmers Insurance was for the vehicle valuation without consideration for the vehicle contents, loss of use, the costs of recovery or other incidental losses.

16.    Despite the fact, Farmers Insurance knew Mr. Graham would not be made whole with the vehicle valuation, it immediately contacted the at-fault driver, Mr. Howell's insurer, Progressive Insurance, to demand repayment.

17.    Under Montana law, Farmers Insurance's contractual right of subrogation is contingent and subordinate to Mr. Graham's right to be made whole.

18. Mr. Graham repeatedly requested Farmers Insurance withdraw its demand for subrogation which it refused.

19. Due to Farmers Insurance's subrogation demand Farmers Insurance has refused to pay any property or property related damages.

20. Thereafter Mr. Graham repeatedly requested Farmers Insurance tender the actual cash value of the vehicle which it refused.

21. Farmers Insurance is acting in direct violation of Montana law.

22. Montana law requires that Mr. Graham be Made Whole before his insurer can assert a right of subrogation.

23. "[T]he insured is entitled to be made whole for his entire loss and any costs of recovery, including attorney fees, before the insurer can assert its right of subrogation." *Van Orden v. USAA, 2014 MT 45, ¶ 12, 374 Mont. 62, 318 P.3d 1042*.

24. "It is the public policy of Montana that an insured be totally reimbursed for all losses as well as costs, including attorney fees, involved in recovering those losses before the insurer can exercise any right of subrogation, regardless of contract language to the contrary." *Swanson v. Hartford, 2002 MT 81, ¶ 14, 309 Mont. 269, 46 P.3d 584.*.

25. Farmers Insurance's conduct, based on its misapprehension of its legal duties, has the natural tendency to impair Mr. Graham's right to be made whole.

## APPLICABLE STATE LAW

26. Plaintiff's request for a declaratory judgment is being brought pursuant to Montana's Uniform Declaratory Judgment Act §§ 27-8-101, et seq., Montana Code Annotated, and the common law right to be made whole pursuant to Montana's Constitution.

27. This case presents an ongoing case or controversy because Farmers Insurance is acting under a misapprehension of Montana law that creates uncertainty and insecurity with respect to the rights, status, and legal relations of the parties.

28. The Uniform Declaratory Judgment Act expressly provides the Court power to declare the rights of the parties under the insurance laws of the state of Montana to clarify the parties; rights thereunder.

## APPLICABLE FEDERAL LAW

29. Plaintiff's request for a declaratory judgment is also brought pursuant to 28 U.S.C. § 2201(a), the Declaratory Judgment Act.

30. Jurisdiction is proper in Federal District Court under 28 U.S.C. § 1332 based on complete diversity of citizenship and the amount in controversy exceeds $75,000.  Jurisdiction is also proper under under 28 U.S.C. 1331 because this case presents a federal question under the Declaratory Judgment Act, 28 U.S.C. § 2201.  The state law claims are properly included under supplemental jurisdiction 28 U.S.C. § 1367.

31. Venue is proper in the Helena Division of the Federal District of Montana because plaintiff is a resident of Darby, Ravalli County,

Montana and defendants are domiciled and citizens of other states.

### COUNT-1-DECLARATORY JUDGMENT

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33. Mr. Graham seeks a declaratory judgment Farmers Insurance;s contractual subrogation is contigent upon and subordinate to Mr. Graham's right to be Made Whole.

**WHEREFORE**, the plaintiff Mark Graham prays for judgment as follows:

34. A declaration under Montana law as set forth above.

35. Costs, including reasonable attorney fees pursuant to the Uniform Declaratory Judgment Act, the equitable exception in insurance and as otherwise provided by law.

36. Such other and further relief as this Court deems just and proper in this cause

DATED this 9th day of August 2023

ANGEL LAW FIRM


/s/ Geoffrey C. Angel
Geoffrey C. Angel
ANGEL LAW FIRM
Attorney for Plaintiff