IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MARK GRAHAM,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS INSURANCE EXCHANGE and MID-CENTURY INSURANCE COMPANY,<br><br>Defendants. | CV 23-53-H-BMM-KLD<br><br>FINDINGS AND RECOMMENDATION |

Plaintiff Mark Graham ("Graham") brings this putative class action against Defendants Farmers Insurance Exchange and Mid-Century Insurance Company (collectively "Farmers"), alleging claims for breach of contract and violation of the Montana Unfair Trade Practices Act ("UTPA"), and seeking a declaration that Farmers' subrogation practices violate Montana law. This matter comes before the Court on Farmers' motion to dismiss the Amended Complaint for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 6) and Graham's motion for partial summary judgment (Doc. 14). At oral argument, Graham made a motion to withdraw his motion for summary judgment, which the Court granted. Accordingly, the only outstanding motion is Farmers' motion to dismiss.

I.   Background[1]

On April 2, 2023, Mark and Janice Graham were struck in head-on collision while driving on Highway 93. (Doc. 4 at ¶ 4).  Michael Howell, the other driver, lost control of his vehicle and hit the Graham vehicle. (Doc. 4 at ¶ 6).  As a result of the accident, Janice Graham died and Mark Graham suffered catastrophic injuries. (Doc. 4 at 8).

At the time of the accident, the Grahams were insured by Farmers Insurance Exchange, which was in turn underwritten by Mid-Century Insurance Company. (Doc. 4 at ¶ 9). The Grahams carried both collision and comprehensive coverages with Farmers. (Doc. 4 at ¶ 10). The Graham vehicle involved in the accident, a 2019 Honda Ridgeline, was a total loss, and Graham made a claim for property damage with Farmers. (Doc. 4 at ¶ 11). Farmers opened a claim and prepared an evaluation of the property damage claim, based on criteria it uses to determine actual cash value of the vehicle. (Doc. 4 at ¶ 12). Farmers tendered a check to Graham for that amount, minus the applicable deductible, without confirming with Graham that he agreed to the amount. (Doc. 4 at ¶ 13).

---

[1] The following facts are taken from the allegations in the Amended Class Action Complaint (Doc. 4), which are accepted as true for purposes of the pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Graham did not agree with the valuation calculated by Farmers, and did not cash the check. (Doc. 4 at ¶ 15). The amount tendered by Farmers did not include any value for the contents of the Graham vehicle, loss of use of the vehicle, costs of recovery, or any other incidental losses. (Doc. 4 at ¶ 16). Farmers contacted the insurer for Howell, Progressive Insurance, seeking repayment of the amount it had forwarded to Graham. (Doc. 4 at ¶ 17). Graham repeatedly asked Farmers to withdraw its subrogation demand, but Farmers refused. (Doc. 4 at ¶ 19). Because Farmers lodged its subrogation demand, Progressive Insurance has refused to make any payments to Graham for property damage. (Doc. 4 at ¶ 20). Graham is seeking property-related loss amounts that remain uncovered. (Doc. 4 at ¶ 22).

After Graham asked Farmers to withdraw its subrogation demand, Farmers referred the request to the Farmers Insurance Subrogation and Recovery Law Firm, which has offices in several states. (Doc. 4 at ¶ 23). An attorney from this firm contacted Graham directly, despite knowing Graham was represented by counsel, to discuss Farmers' justification for seeking subrogation from Progressive Insurance. (Doc. 4 at ¶ 24). In the letter, the attorney describes the subrogation process, and notes that if the full amount of the deductible is not recovered, Graham might only receive a pro-rata share. (Doc. 4-1 at 1-2). The letter also states Farmers will not assist Graham in recovering any out of pocket expenses he may have incurred in relation to his property loss, but notes that Farmers would be

willing to coordinate efforts between the subrogation demand and any amounts sought by Graham. (Doc. 4-1 at 2).

Graham alleges the attorney's actions "are part of a corporate scheme in Montana to assert a right of subrogation without regard to whether the insured has been made whole." (Doc. 4 at ¶ 28). Graham states that Farmers is directly violating Montana law by seeking subrogation of his property damage coverage claim before he is made whole, by attempting subrogation before there has been an agreement on the value of his vehicle and before he has been compensated for out of pocket expenses related to his property loss. (Doc. 4 at ¶¶ 14-20).

Graham brings three claims against Farmers, seeking a declaratory judgment that Farmers' assertion of a subrogation right prior to its insured being made whole violates Montana law, that Farmers breached the terms of its insurance contract, and that it violated the UTPA. Graham also alleges he is a member of a class of plaintiffs entitled to bring these claims against Farmers, but that issue is not presently before the Court.

## II.   Discussion

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal

theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Twombly*, 550 U.S. at 555. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo*, 521 F.3d at 1104.

In determining whether this standard is satisfied, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litigation*, 536 F.3d

1049, 1055 (9th Cir. 2008). Assessing a claim's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

If dismissal is granted, it may be with or without leave to amend. Leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Farmers argues Graham's declaratory judgment claim should be dismissed because it is barred by the UTPA or, alternatively, because Graham has not pled sufficient facts to support such a claim. Farmers additionally argues Graham has not included sufficient facts to support his claims for breach of contract or violation of the UTPA. The Court will address each in turn.

### A. Declaratory Judgment

Graham's declaratory judgment claim alleges two distinct requests: he seeks a declaration that Farmers' "contractual right of subrogation is contingent upon and subordinate to Mr. Graham's . . . right to be Made Whole" and also seeks a declaration that "Farmers Insurance's assertion of a subrogation right before its insured's (sic) are Made Whole violates Montana law." (Doc. 4 at ¶¶ 61-62).

This Court has previously found declaratory relief to be unavailable to first party insureds challenging the handling of their insurance claims. *Woodman v. Std. Ins. Co.*, 2021 U.S. Dist. LEXIS 46061 at *2 (D. Mont. March 11, 2021). When the substance of a request for declaratory relief requires determination of whether a claim was handled appropriately, it is an issue governed by the UTPA and thus not allowed by statute. *Woodman*, at *6. Additionally, when a declaration is duplicative of other claims asserted in the case, it is superfluous and thus properly dismissed. *Woodman*, at *6-7, citing *Moe v. GEICO Indem. Co.*, 2019 U.S. Dist. LEXIS 194401, *5 (D. Mont. July 25, 2019) (citation omitted).

However, the Court has recently distinguished between claims that seek a declaration of violation of the UTPA and claims that merely seek to clarify the duties owed under the UTPA. *Satterwhite v. Sedgwick Claims Mgmt. Servs.*, 2024 U.S. Dist. LEXIS 14496, *8-9 (D. Mont. August 14, 2024). In *Satterwhite*, the Court allowed a claim seeking a declaration that the UTPA covered the claim handling activities of a third party adjusting company and a self-insured entity. The Court specifically noted that there were no duplicative UTPA claims in the case, and so found that it was appropriate to proceed on the claim clarifying whether the UTPA applied to the Defendants in that case. *Satterwhite*, at *9.

Here, there is no dispute that the UTPA applies to Farmers, and indeed Graham has asserted a UTPA claim. The declaratory relief sought by Graham

necessarily implicates the UTPA and is duplicative of the UTPA allegations made by Graham. Graham seeks a determination that Farmers' subrogation right is subordinate to his right to be made whole, and that Farmers' actions in handling his claim by seeking subrogation violates Montana law. A declaration by the Court as to these issues would serve to find, as a matter of law, that Farmers violated the UTPA by prematurely seeking subrogation of Graham's claim, which is an issue to be determined under the UTPA. Accordingly, Graham's claim for declaratory relief is properly dismissed.

### B. Breach of Contract

Graham's breach of contract claim asserts Farmers breached the terms of the insurance contract, breached the fiduciary duty owed to its insured, and breached the implied covenant of good faith and fair dealing. (Doc. 4 at ¶¶ 64-66). At oral argument, counsel for Graham conceded that his claim for "bad faith" was not permissible, but maintained that a claim for breach of the implied covenant of good faith and fair dealing is appropriate.  The Court agrees.

The Montana Supreme Court has held that the UTPA permits a claim for breach of the covenant of good faith and fair dealing when it is brought as a contract action, not as a tort. *Draggin' Y Cattle Co. v. Junkermier, Clark, Campanella, Stevens, P.C.*, 439 P.3d 935, ¶ 29 (Mont. 2019).  This claim requires insurers to act

with "honesty in fact and the observance of reasonable commercial standards of fair dealing." *Woodman*, at *10-11 (citation omitted).

While it is appropriate for an insured to bring such a claim, it still is the insured's burden to adequately plead all claims to withstand a motion to dismiss. Reading Graham's Amended Complaint charitably, the Court agrees that he has adequately pled a claim for breach of the covenant of good faith and fair dealing and breach of contract. Though not a model of clarity, Graham's Amended Complaint alleges Farmers did not offer an appropriate amount for his property damage and sought subrogation before it was legally entitled to do so, thereby interfering with his ability to negotiate with Progressive Insurance, the tortfeasor's insurer. As noted by Farmers, it is not clear what specific contractual provisions Graham alleges Farmers breached, and Graham did not attach the policy to the Amended Complaint, nor did he plead specific contractual breaches in his recitation of Count 2---Breach of the Contract of Insurance. However, the factual allegations preceding the legal counts are incorporated by reference and, accepted as true, assert that Farmers' conduct in offering an unagreed-upon amount for property damage, and subsequently seeking subrogation from Progressive Insurance before the property damage claim had been resolved, breaches the insurance contract and the implied covenant. The Court agrees Graham adequately

pled a breach of the insurance contract and the implied covenant of good faith and fair dealing.

### C. UTPA

Graham's UTPA claim alleges that Farmers has misrepresented facts or insurance policy provisions related to coverage, and that its conduct in handling Graham's claim deprived him of a prompt, fair and equitable settlement. (Doc. 4 at ¶¶ 70 and 71). Farmers argues these allegations are boilerplate and conclusory, and to the extent there are factual assertions supporting these claims, Farmers argues they do not state a plausible claim because Graham concedes that he could possibly be made whole by Progressive and because Farmers did try to pay Graham the value of his property damage. Ultimately, Farmers may prevail on its argument that its conduct in offering a property damage amount and subrogating before the amount had been accepted was reasonable. However, at this stage in the case, Graham must merely show that he has a plausible UTPA claim based on the allegations in his Amended Complaint. The factual assertions, taken as true, adequately plead a plausible UTPA claim.

### III. Conclusion

For the reasons discussed above, IT IS ORDERED Graham's oral motion to withdraw his motion for partial summary judgment (Doc. 14) is GRANTED and the motion for partial summary judgment is terminated as moot.

IT IS RECOMMENDED that Farmer's motion to dismiss the Amended Complaint (Doc. 6) be GRANTED as to Count 1 (Declaratory Judgment) and DENIED as to all other counts.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 20th day of September, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge