IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MARK GRAHAM,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>FARMERS INSURANCE EXCHANGE and MID-CENTURY INSURANCE COMPANY,<br><br>　　　　　　Defendants. | CV 23-53-H-BMM-KLD<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

　　　　Plaintiff Mark Graham ("Graham") filed this putative class action alleging claims for breach of contract, violation of the Montana Unfair Trade Practices Act, and seeking a declaration that Farmers Insurance Exchange ("Farmers") subrogation practices violate Montana law. (Doc. 4.) Graham and his wife, Janice, were struck by another car during a collision with an intoxicated driver. Graham suffered catastrophic injuries, and Janice was killed in the accident. (*Id.*) Graham's car was totaled.

　　　　Graham disagreed with the valuation of Graham's totaled car provided by Defendant Farmers. This disagreement led Graham to refuse to cash the check. Farmers then contacted Progressive, the insurer of the at-fault driver, to demand

1

repayment. Graham demanded that Farmers withdraw its subrogation claims to Progressive. Farmers refused to withdraw its subrogation demand. An attorney handling the subrogation demand from Farmers Insurance Subrogation & Recovery Law Firm contacted Graham directly to discuss Farmers subrogation policy and Graham's losses and potential recovery for property losses. (Doc. 4-1.)

Defendants Farmers and Mid-Century Insurance Company moved to dismiss Graham's declaratory judgment claim on the basis that the UTPA bars the claim, or alternatively, because the facts supporting such a claim prove insufficient. (Doc. 7.) Defendants also argued that Graham had failed to include sufficient facts to support his claims for breach of contract or violation of the UTPA. (Doc. 7.)

U.S. Magistrate Judge Kathleen L. DeSoto ("DeSoto") issued Findings and Recommendations on September 20, 2024. (Doc. 34.) DeSoto took the allegations in Graham's Complaint as true and found that Graham had alleged sufficient facts to survive Defendants' motion to dismiss his claims for breach of contract and violations of the UTPA under Rule 12(b)(6). (*Id.* at 9–10.) DeSoto found that Graham's declaratory judgment claim should be dismissed. (Doc. 34 at 8.) U.S. Magistrate Judge DeSoto recommends that the Court grant Defendants' motion to dismiss Graham's declaratory judgment claim and deny the motion as to all other counts. (Doc. 34 at 11.)

Neither party filed objections to the Findings and Recommendations. The parties have waived the right to de novo review thereof.  28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). The Court reviewed U.S. Magistrate Judge DeSoto's findings and recommendations for clear error and found none.

**IT IS HEREBY ORDERED** that U.S. Magistrate Judge DeSoto's Findings and Recommendations (Doc. 34) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 7) is **GRANTED** as to Count 1, Graham's Declaratory Judgment claim, and **DENIED** as to Graham's remaining claims for Breach of Contract and violation under the Unfair Trade Practices Act.

DATED this 17th day of October, 2024.

_____
Brian Morris, Chief District Judge
United States District Court