# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| MARK GRAHAM, | CV-23-53-H-BMM |
| Plaintiff, | |
| vs. | **ORDER ON OBJECTIONS TO FINDINGS AND RECOMMENDATIONS** |
| FARMERS INSURANCE EXCHANGE and MID-CENTURY INSURANCE COMPANY, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Mark Graham ("Graham") brought a putative class action against Defendants Farmers Insurance Exchange and Mid-Century Insurance Company (collectively "Farmers"), alleging claims for breach of contract and violation of the Montana Unfair Trade Practices Act ("UTPA"). Graham also seeks a declaration that Farmers' subrogation practices violate Montana law. (Doc. 4.) Graham filed a motion for attorney fees (Doc. 55), a motion to certify class under Rule 23 of the Federal Rules of Civil Procedure (Doc. 53), and a motion to compel discovery and for sanctions (Doc. 57).

U.S. Magistrate Judge DeSoto issued Findings and Recommendations on December 23, 2025, denying the motion for attorney fees, denying the motion to

certify class, and granting, in part, and denying, in part, the motion to compel. (Doc. 66.) Graham filed an objection to Magistrate Judge DeSoto's Findings and Recommendations on January 6, 2026. (Doc. 68.) The Court held a hearing on February 2, 2026. (Doc. 72.) The Court permitted the parties to file supplemental briefs after the hearing. (*Id*.)

## BACKGROUND

Magistrate Judge DeSoto previously has addressed the background of the case in greater detail. (Doc. 34 at 2-4.) The underlying facts of the matter involve a head-on collision that occurred on April 2, 2023, on Highway 93 in Montana. (Doc. 10 at 2.) Mark Graham was severely injured in the accident, and his wife Janice Graham was killed. (*Id*.) The other vehicle was driven by Michael Howell. (*Id*.) Mid-Century Insurance Company ("Mid-Century") insured Graham's car. (Doc. 10 at 1; Doc. 59 Ex. 2 at 1-2.) Farmers was underwritten by Mid-Century Insurance Company at the time. (Doc. 34 at 2, citing Doc. 4 ¶ 9.) Graham made a claim for property damage with Farmers after the accident. (Doc. 34 at 2, citing Doc. 4 ¶ 11.) Farmers opened the claim and prepared an evaluation of the property damage claim. (Doc. 34 at 2, citing Doc. 4 ¶ 12.)

Dispute exists concerning the following facts and communications by Farmers. Farmers issued an initial check to Graham for the cash value of the vehicle plus "License/Transfer Fees." (Doc. 28 at 3; Doc. 54 Ex. 5 at 1; and Doc.

2

56 Ex.1 at 2.) Graham "disagreed with the valuation" and refused to deposit the check. (Doc. 54 Ex. 5 at 1.) Farmers also contacted Michael Howell's insurer, United Financial Casualty Company ("Progressive"). Farmers notified Progressive of Farmers' intent to subrogate. (Doc. 24 at 4; Doc. 28 at 4.)

Graham, through his counsel, requested that Farmers withdraw any subrogation demand issued to Progressive. (Doc. 23 Ex. 13 at 2; Doc. 28 at 4.) Farmers subsequently discontinued its subrogation efforts, if only for a time. (Doc. 54 at 13; Doc. 63 at 19.) Graham filed the complaint in this matter on August 9, 2023, and an amended complaint on August 31, 2023. (Doc. 1; Doc. 4.) The amended complaint alleges claims for breach of contract and violation of the Montana UTPA, and seeks a declaration that Farmers' subrogation practices violate Montana law. (Doc. 4.)

Graham accepted a payment from Progressive for property damage, to include loss of use of the vehicle, after having filed the amended complaint. (Doc. 63 Ex. 23.) Graham filed a motion for partial summary judgment on November 13, 2023. (Doc. 14.) The motion sought a declaratory judgment, pursuant to Count 1 of the amended complaint. (Doc. 15 at 12). Farmers issued a new payment to Graham on November 17, 2023, to reflect an updated valuation for the vehicle. (Doc. 28 at 4; Doc. 56 at 5).

Dispute exists over the following series of facts. In short, Graham accepted a reduced payment after Farmers indicated a mistake had been made. (Doc. 63 at 31, n.5; Doc. 56 Ex. 1 at 2.) Graham has since indicated that he "agreed with the valuation and cashed the check." (Doc. 54 at 13.) Graham thereafter filed notice with the Court that Farmers' updated payment had rendered moot his request for declaratory relief. (Doc. 29.)

Magistrate Judge DeSoto held oral arguments on Graham's motion for partial summary judgment and Farmers' motion to dismiss on September 9, 2024. (Doc. 33.) Graham withdrew his motion for partial summary judgment at oral argument in light of the updated and accepted payment from Farmers. (Doc. 34 at 1.) Magistrate Judge DeSoto entered a Findings and Recommendation on the motion to dismiss and motion for partial summary judgment on September 20, 2024. (Doc. 34.) Magistrate Judge DeSoto ordered that Graham's oral motion to withdraw his motion for summary judgment be granted and recommended that Farmer's motion to dismiss the amended complaint be granted as to Count 1 (wherein Graham sought declaratory judgment). (Doc. 34 at 10-11.) The Court entered an order adopting the Findings and Recommendation on October 18, 2024. (Doc. 35.)

Magistrate Judge DeSoto held an informal discovery conference on January 16, 2025. (Doc. 47.) Magistrate Judge DeSoto held a second discovery conference

on April 17, 2025. (Doc. 51.) Graham filed the three instant motions in July of 2025 (Docs. 53, 55, 57.) Magistrate Judge DeSoto entered Findings and Recommendations denying the motion for attorney fees, denying the motion to certify class, and granting, in part, and denying, in part, the motion to compel. (Doc. 66.) Graham filed an objection to Magistrate Judge Desoto's Findings and Recommendations. (Doc. 68.)

## LEGAL STANDARD

The Court reviews de novo findings and recommendations to which parties object. 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error all other findings and recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in reargument of the same arguments made in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

## DISCUSSION

Graham objects to Magistrate Judge DeSoto's Findings and Recommendations denying class certification and denying attorney fees. (Doc. 68 at 1.) The Court will address each issue in turn.

## I.    Class Certification

Graham argues that class certification proves appropriate because he alleged a programmatic violation of Montana's made whole doctrine. (*Id*. at 5.) Graham contends that *Ferguson v. Safeco Ins. Co. of Am*., 180 P.3d 1164 (Mont. 2008), and *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), support his claim that these allegations present a common question suitable for class treatment. (Doc. 68 at 5.) Graham asserts that the common question of whether Farmers programmatically violates Montana's made whole doctrine predominates over any individual claims handling decisions such that a Rule 23(b)(3) class would be appropriate. (*Id*. at 8.)

Class relief proves appropriate where the underlying issues are common to the entire class and the questions of law apply to each class member. *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)). Courts limit claims that fall under the class action umbrella to those class claims that are "fairly encompassed by the named plaintiff's claims." *Id*. at 156 (quoting *Gen. Tel. Co. of Northwest v. EEOC*, 446 U.S. 318 (1980)). A class may be established if the following criteria exists: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23 (a) (1-4).

### A. Rule 23(a)

Graham challenges Magistrate Judge DeSoto's conclusion that he failed to prove commonality, typicality, and the requirements of Rule 23(b). (Doc. 68 at 14-15.) Farmers argues that Graham's challenges fail as he lacks standing to assert his potential class action claims as he already has been made whole and potentially has received a double recovery. (Doc. 70 at 9.) Farmers further contends that Graham cannot prove that his putative class complaint meets the standard for commonality and typicality as there are significant individual questions that must be answered as to each subrogation claim before a "made whole" violation can be established. (*Id.* at 15.)

Graham relies heavily on the Montana Supreme Court's decision in *Ferguson* for his assertion that he sufficiently has demonstrated commonality. 180 P.3d at 1166. Graham's near complete reliance on the abrogated opinion in *Ferguson* reflects the strength of his arguments on class certification. Graham fails to grapple with the effective abrogation of *Ferguson* in *Chipman v. Nw. Healthcare Corp.*, 288 P.3d 193, 207 (Mont. 2012). Graham instead argues that "*Dukes* did not negate *Ferguson*'s persuasive authority." (Doc. 73 at 2.) Graham further fails to acknowledge that *Dukes* "departed from [the] minimal standard" applied in *Ferguson*. *Chipman*, 288 P.3d at 207 (citing *Dukes*, 564 U.S. at 351). *Dukes* raised the standard for commonality such that merely presenting a "single issue [] common to all" no longer proves sufficient. *Chipman*, 288 P.3d at 207 (citing

7

*Dukes*, 564 U.S. at 351); *see also* Doc. 68 at 14 (quoting *Ferguson*, 180 P.3d at 1167).

Graham instead must demonstrate a "common contention[,]" the determination of which would "resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 351. *Dukes* explicitly stated that "the raising of common 'questions'—even in droves" is not what matters to class certification, but rather it is "the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id*. at 350 [citation omitted]. *Dukes* noted that "[d]issimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id*. at 350 [citation omitted].

Magistrate Judge DeSoto accurately characterized the dissimilarities within the proposed class to include the following: (1) there is "significant potential for variation among class based on whether Farmers was required to determine if the insured was made whole[;]" and (2) Graham's proposed class definitions vary over whether an individual sought subrogation from Farmers, or whether Farmers demanded or asserted a right to subrogation. (Doc. 66 at 13.) Magistrate Judge DeSoto recognized that under the proposed class definitions, the individual facts could range from where "Farmers merely stated an intention to subrogate in

8

correspondence with a third party, to instances where Farmers actually recovered funds from a third party via subrogation." (*Id.*)

Graham does not sufficiently explain how his putative class action will generate common answers for these disparate factual cases. Graham asserts that the common answer applicable to all putative class members would be that Farmers failed to comply with Montana's made whole doctrine, and damages could be assessed individually by Farmers. (Doc. 68 at 10.) Graham cites the testimony of Steven Rodenberg, Farmers Insurance's Auto Subrogation Supervisor and Rule 30(b)(6) designee, to support his claim of undisputed evidence that Farmers has a policy not to comply with Montana's made whole doctrine. (Doc. 73 at 3.) Rodenberg's testimony on the matter hardly proves dispositive on Farmers' policies. Rodenberg merely says that the actions Farmers took in Graham's case were consistent with Farmers policies and procedures. (*Id.*, citing Rodenberg Deposition, pp. 17-18, ln. 14-2.) The Court does not see how this short deposition transcript provides dispositive, or even persuasive, evidence that Farmers systemically violates Montana law.

The Court finds that testimony from Daniel Moran, an attorney in Farmers Insurance Subrogation & Recovery Law Firm, additionally fails to substantiate Graham's allegations. (Doc. 73 at 5.) Moran's testimony may prove somewhat troubling to the Court as it concerns Farmers' efforts to actively engage with state

requirements, but it does not provide sufficient evidence to fulfill the Rule 23(a) requirements.

Graham further fails to recognize that it remains unclear whether Farmers violated Montana's made whole doctrine in each of the putative class members' cases or whether Farmers even had a duty to comply with Montana's made whole doctrine in each of these cases. (Doc. 70 at 15.) The Court would need to analyze each claim individually to determine whether the proposed class member suffered an injury, or if Farmers had failed to perform a made whole analysis when required. (Doc. 66 at 13-14.) As Magistrate Judge DeSoto recognized, "[t]he resulting multitude of inquiries would be inconsistent with the commonality standard set out in *Wal-Mart v. Dukes* and conflicts with the requirement that the alleged injury be capable of [] 'classwide resolution . . . in one stroke.'" (Doc. 66 at 14, quoting *Dukes*, 564 U.S. at 350.) The Court finds unavailing Graham's arguments that Magistrate Judge DeSoto applied the wrong standard in her commonality analysis.

Graham also objects to Magistrate Judge DeSoto's conclusion that he failed to sufficiently plead typicality as required under Rule 23(a). (Doc. 68 at 16.) Plaintiffs must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" to establish typicality. Fed. R. Civ. P. 23(a)(3). The typicality and commonality requirements "tend to merge" as both

seek to determine "whether the named plaintiff's claim and the class claims are so interrelated that interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 564 U.S. at 349, n. 5. As Farmers points out and Magistrate Judge DeSoto concluded, Graham has "both apparently received a double recovery and certainly been made whole." (Doc. 66 at 16.) Graham does not address Magistrate Judge DeSoto's findings that he has been made whole, and potentially even awarded a double recovery. Graham instead argues that his "experience" with Farmers exemplified its "standard operating procedure." (Doc. 68 at 16-17.) An allegedly similar experience does not prove sufficient to plead typicality when the facts, and alleged injury, vary greatly among Graham's proposed class.

It proves unnecessary for the Court to address in detail Farmers' claims that Graham does not have standing to assert his class action claims. The Court concludes that Graham has not plead facts sufficient to demonstrate commonality or typicality as required under Rule 23(a).

## B. Rule 23(b)(3)

Graham next challenges Magistrate Judge DeSoto's findings and conclusions concerning his failure to meet the predominance and superiority requirements of Rule 23(b)(3). (Doc. 68 at 17.) The requirements of Rule 23(b)(3) substantially overlap with the requirements of Rule 23(a). The putative plaintiffs

must prove that there are "questions of law or fact common to class members" that can be determined in one stroke. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022). The 23(b)(3) test is "far more demanding," *Wolin v. Jaguar Land Rover N. Am.*, *LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997)). To establish predominance under Rule 23(b)(3), a plaintiff must prove that the "proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623-24.

Rule 23(b)(3) further calls upon courts to give careful scrutiny to the relationship between common and individual questions in a case to assess predominance and superiority. An individual question involves one where "members of a proposed class will need to present evidence that varies from member to member." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). A common question involves one where "the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Id.*

Graham again relies upon *Ferguson* for his argument that he has sufficiently plead predominance. (Doc. 68 at 17-18, citing *Ferguson*, 180 P.3d at 1167.) The Court does not find persuasive the reasoning and analysis in *Ferguson*. Graham argues that a common question predominates of whether Farmers

programmatically violates Montana's made whole doctrine. (Doc. 68 at 17.)
Graham fails to effectively argue to the Court why the individual determinations of
fact necessary for the resolution of each potential class members' claims do not
predominate. The same evidence would not suffice for each member to make a
prima facie showing. Each member of Graham's proposed class would need to
present individual evidence regarding their claim, their injury, and their experience
with Farmers. *See Tyson Foods*, 577 U.S. at 453. The Court determines that
Magistrate Judge DeSoto correctly concluded that Graham did not sufficiently
plead predominance under the Rule 23(b)(3) standard.

   The Court does not need to address in detail Graham's arguments that he has
sufficiently plead superiority for the purposes of Rule 23(b)(3). Magistrate Judge
DeSoto properly concluded that Graham's failure to demonstrate predominance
under Rule 23(b)(3), or commonality and typicality under Rule 23(a), have made it
unnecessary to address superiority. The Court will note, however, that there does
not exist sufficient cohesion to make a class action the superior method of
adjudication in cases like this where it proves necessary to make individualized
factual determinations to resolve the claim of each proposed class member. *See
Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001), *opinion
amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001). *Zinser* concluded that
Rule 23(b)(3) certification proves inappropriate "[i]f the main issues in a case

13

require the separate adjudication of each class member's individual claim or defense." *Id*. The Court will deny Graham's objections to Magistrate Judge DeSoto's findings and recommendations concerning class certification.

### C. Attorney Fees

Graham argues that the denial of attorney fees undermines the policies behind Montana's made whole doctrine as Graham properly is entitled to attorney fees as he prevailed in obtaining the relief he sought in this suit. (Doc. 68 at 5.) Graham asserts that he prevailed as Farmers withdrew its earlier subrogation demand and paid more to Graham after he filed suit. (*Id*.)

Montana law supplies the rule of decision regarding whether a party has a substantive right to recover attorney fees. *Riordan v. State Farm Mut. Auto. Ins. Co.*, No. CV 07-38-M-DWM-JCL, 2008 WL 2512023, at *2 (D. Mont. June 20, 2008), *aff'd*, 589 F.3d 999 (9th Cir. 2009). Montana law follows the "American Rule," under which prevailing parties must generally bear their own fees. Montana recognizes several equitable exceptions to the American Rule, including the insurance exception, which allows recovery of fees "when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract." *Mt. W. Farm Bureau Mut. Ins. Co. v. Brewer,* 69 P.3d 652, 660 (Mont. 2003); *see also Riordan*, 2008 WL 2512023, at *3.

*Brewer* and its progeny make clear that the insurance exception to the American Rule applies only when an insured is "compelled" to litigate, or when they "ha[ve] to resort to litigation." *Brewer,* 69 P.3d at 659; *Mlekush v. Farmers Ins. Exch.*, 404 P.3d 704, 708 (Mont. 2017). The Court is not persuaded here that Graham was sufficiently "forced" or "compelled" to litigate in order to receive the benefit of his insurance policy. Farmers claims that it immediately indicated a willingness to investigate and consider a higher payment when Graham disputed Farmers' valuation. (Doc. 70 at 22.) Farmers argues that Graham "filed the instant lawsuit rather than engage in informal negotiations for more than a few days." (*Id*.) It appears that Graham potentially could have received the relief he sought—an increased cash valuation and withdrawal of the subrogation demand—without having resorted to litigation.

Graham further fails to address Magistrate Judge DeSoto's discussion of his "legally insufficient motion" in his repeated assertions that he clearly was the prevailing party in this action. Magistrate Judge DeSoto emphasizes that she did not rule on Graham's motion for partial summary judgment because he voluntarily withdrew it. Magistrate Judge DeSoto's order on Graham's motion to dismiss "makes clear that the motion for partial summary judgment could not have prevailed." (Doc. 66 at 8.) The Court does not see how it would make sense to

award attorney fees to Graham based on the alleged impact of a legally insufficient motion.

The Court recognizes the principles behind the insurance exception to the American Rule and does not suggest that an insurer should be able to avoid payment when it attempts to correct its wrongful behavior only after litigation ensues. The Court does not face that situation here. The Court will deny Graham's objections to Magistrate Judge DeSoto's findings and recommendations concerning attorney fees.

## CONCLUSION

The Court concludes that Graham has failed to sufficiently plead commonality and typicality as required for class certification under Rule 23(a). The Court further determines that Graham has failed to sufficiently plead predominance and superiority as required for class certification under Rule 23(b)(3). The Court lastly concludes that Graham has failed to demonstrate that he is entitled to an award of attorney fees based on the insurance exception to the American Rule. The Court will adopt Magistrate Judge DeSoto's findings and recommendations in full.

## ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge DeSoto's Findings and Recommendations (Doc. 66) are **ADOPTED IN FULL**.

1. Graham's Motion for to Certify Class (Doc. 54) is DENIED.

2. Graham's Motion for Attorney Fees (Doc. 55) is DENIED.

DATED this 13th day of February, 2026.

_____
Brian Morris, Chief District Judge
United States District Court